UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAYLE K. O'QUINN, | Case No. SA CV 13-178-SP |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security Administration, | |
| Defendant. | |

**I.**

**<u>INTRODUCTION</u>**

On February 8, 2013, plaintiff Dayle O'Quinn filed a complaint against the Commissioner of the Social Security Administration ("Commissioner"), seeking a review of a denial of a period of disability and disability insurance benefits ("DIB"). Both plaintiff and defendant have consented to proceed for all purposes before the assigned Magistrate Judge pursuant to 28 U.S.C. § 636(c). The court deems the matter suitable for adjudication without oral argument.

Plaintiff presents one disputed issue for decision, whether the ALJ erred at

1

step five of the sequential evaluation process. Although characterized as two separate issues, at bottom, plaintiff argues that the ALJ erred by failing to identify and explain inconsistencies, exertional and non-exertional, between the vocational expert's testimony and the Dictionary of Occupational Titles ("DOT"). Memorandum in Support of Plaintiff's Complaint ("P. Mem.") at 3-9; Memorandum in Support of Defendant's Answer ("D. Mem.") at 3-8.

Having carefully studied, inter alia, the parties's written submissions, the Administrative Record ("AR"), and the decision of the ALJ, the court concludes that, as detailed herein, the ALJ erred at step five. Therefore, the court remands this matter to the Commissioner in accordance with the principles and instructions enunciated in this Memorandum Opinion and Order.

## II.

## **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff, who was 45 years old on the alleged onset date of disability, has three years of college education. AR at 28, 164, 188.

On October 19, 2009, plaintiff filed an application for a period of disability and DIB, alleging an onset date of November 3, 2006, due to anxiety, depression, underactive thyroid problem, and a damaged foot. *Id.* at 164, 192. The Commissioner denied plaintiff's application initially and upon reconsideration, after which she filed a request for a hearing. *Id.* 52-55, 59-63, 65.

On July 28, 2011, plaintiff, represented by counsel, appeared and testified before the ALJ. *Id.* at 24-45. Dr. Lanson Mason, a medical expert, and Alan Boroskin, a vocational expert ("VE"), also provided testimony. *Id.* at 39-44. On September 8, 2011, the ALJ denied benefits. *Id.* at 9-18.

Applying the well-known five-step sequential evaluation process, the ALJ found, at step one, that plaintiff had not engaged in substantial gainful activity since November 3, 2006, the alleged onset date of disability. *Id.* at 11.

At step two, the ALJ found that plaintiff suffered from the following severe impairments: disorder of the left foot due to a crush injury; anxiety; and depression. *Id.*

At step three, the ALJ found that plaintiff's impairments, whether individually or in combination, did not meet or medically equal one of the listed impairments set forth in 20 C.F.R. part 404, Subpart P, Appendix 1 (the "Listings"). *Id.* at 12.

The ALJ then assessed plaintiff's residual functional capacity ("RFC"),[1] and determined she had the RFC to: sit seven hours in an eight-hour day; stand/walk less than two hours in an eight-hour day; lift/carry ten pounds occasionally and less than ten pounds frequently; and climb stairs, balance, stoop, kneel, or crouch occasionally.[2] *Id.* at 13. The ALJ restricted plaintiff from climbing ladders, crawling, working at unprotected heights, working around dangerous or fast moving machinery, and concentrated exposure to cold temperature extremes. *Id.* The ALJ further limited her to simple, routine tasks. *Id.*

---

[1]  Residual functional capacity is what a claimant can do despite existing exertional and nonexertional limitations. *Cooper v. Sullivan*, 880 F.2d 1152, 1155-56 n.5-7 (9th Cir. 1989). "Between steps three and four of the five-step evaluation, the ALJ must proceed to an intermediate step in which the ALJ assesses the claimant's residual functional capacity." *Massachi v. Astrue*, 486 F.3d 1149, 1151 n.2 (9th Cir. 2007).

[2]  As both plaintiff and defendant acknowledge, the ALJ's decision contained a typographical error. P. Mem. at 2 n.2; D. Mem. at 2 n.4. The decision stated that plaintiff had the RFC to *sit* less than two hours and *stand/walk* seven hours. AR at 13. Other statements in the decision, however, indicate that this was a typographical error. The ALJ gave great weight to the opinion of Dr. Lanson Mason, who opined that plaintiff could stand/walk less than two hours and sit seven hours in an eight-hour day. *Id*. at 16, 41. The hypothetical presented to the VE included the restrictions of sitting seven hours and standing/walking less than two hours. *Id*. at 43. And the ALJ stated that plaintiff retained the RFC "to perform less than the full range of sedentary work." *Id*. at 17.

The ALJ found, at step four, that plaintiff was unable to perform her past relevant work as a cashier. *Id.* at 17.

At step five, the ALJ determined that, based upon plaintiff's age, education, work experience, and RFC, plaintiff could perform other work "that exist[s] in significant numbers in the national economy," including document preparer and telephone quotation clerk. *Id.* at 17-18. Consequently, the ALJ concluded that plaintiff did not suffer from a disability as defined by the Social Security Act. *Id.* at 18.

Plaintiff filed a timely request for review of the ALJ's decision, which was denied by the Appeals Council. *Id.* at 1-3. The ALJ's decision stands as the final decision of the Commissioner.

## III.

## **STANDARD OF REVIEW**

This court is empowered to review decisions by the Commissioner to deny benefits. 42 U.S.C. § 405(g). The findings and decision of the Social Security Administration must be upheld if they are free of legal error and supported by substantial evidence. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001) (as amended). But if the court determines that the ALJ's findings are based on legal error or are not supported by substantial evidence in the record, the court may reject the findings and set aside the decision to deny benefits. *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001); *Tonapetyan v. Halter*, 242 F.3d 1144, 1147 (9th Cir. 2001).

"Substantial evidence is more than a mere scintilla, but less than a preponderance." *Aukland*, 257 F.3d at 1035. Substantial evidence is such "relevant evidence which a reasonable person might accept as adequate to support a conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *Mayes*, 276 F.3d at 459. To determine whether substantial evidence supports the ALJ's

finding, the reviewing court must review the administrative record as a whole, "weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion." *Mayes*, 276 F.3d at 459. The ALJ's decision "'cannot be affirmed simply by isolating a specific quantum of supporting evidence.'" *Aukland*, 257 F.3d at 1035 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998)). If the evidence can reasonably support either affirming or reversing the ALJ's decision, the reviewing court "'may not substitute its judgment for that of the ALJ.'" *Id.* (quoting *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992)).

## IV.

## DISCUSSION

Plaintiff contends that the ALJ erred at step five because he improperly relied on the VE's testimony. P. Mem. at 3-9. Specifically, plaintiff alleges that there were conflicts between the VE's testimony and the DOT, both on the exertional and non-exertional sides, and the ALJ failed to identify and explain them. *Id.*

At step five, the burden shifts to the Commissioner to show that the claimant retains the ability to perform other gainful activity. *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006) (as amended). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can perform, given his or her age, education, work experience, and RFC. 20 C.F.R. § 404.1512(f).

ALJs routinely rely on the DOT "in evaluating whether the claimant is able to perform other work in the national economy." *Terry v. Sullivan*, 903 F.2d 1273, 1276 (9th Cir. 1990) (citations omitted); *see also* 20 C.F.R. § 404.1566(d)(1) (DOT is source of reliable job information). The DOT is the rebuttable

presumptive authority on job classifications. *Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995). An ALJ may not rely on a VE's testimony regarding the requirements of a particular job without first inquiring whether the testimony conflicts with the DOT, and if so, the reasons therefor. *Massachi*, 486 F.3d at 1152-53 (citing Social Security Ruling ("SSR") 00–4p).[3] But failure to so inquire can be deemed harmless error where there is no apparent conflict or the VE provides sufficient support to justify deviation from the DOT. *Id.* at 1154 n.19.

In order for an ALJ to accept a VE's testimony that contradicts the DOT, the record must contain "'persuasive evidence to support the deviation.'" *Id.* at 1153 (quoting *Johnson*, 60 F.3d at 1435). Evidence sufficient to permit such a deviation may be either specific findings of fact regarding the claimant's residual functionality, or inferences drawn from the context of the expert's testimony. *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 793 (9th Cir. 1997) (as amended) (citations omitted).

**A.    The ALJ Did Not Err at Step Five With Respect to Plaintiff's Exertional Limitations**

Plaintiff argues that the ALJ failed to explain the inconsistency between his limitation to "less than sedentary work" and the VE's identification of jobs that "required a full range of sedentary work." P. Mem. at 3. The court disagrees.

Plaintiff's argument appears to be based on the flawed assumption that plaintiff's RFC as determined by the ALJ contained exertional limitations that restricted plaintiff from performing sedentary work. Plaintiff contends that

---

[3] "The Commissioner issues Social Security Rulings to clarify the Act's implementing regulations and the agency's policies. SSRs are binding on all components of the SSA. SSRs do not have the force of law. However, because they represent the Commissioner's interpretation of the agency's regulations, we give them some deference. We will not defer to SSRs if they are inconsistent with the statute or regulations." *Holohan v. Massanari*, 246 F.3d 1195, 1203 n.1 (9th Cir. 2001) (internal citations omitted).

because sedentary work requires that a claimant be able to walk at least two hours a day, she is incapable of performing even sedentary work because the ALJ determined that she could walk/stand less than two hours in an eight-hour day. *See* P. Mem. at 3-5. But sedentary work is defined as requiring occasional or brief walking and standing. *See* 20 C.F.R. § 404.1567(a). "'Occasionally' means occurring from very little up to one-third of the time" and "periods of standing and walking should generally total no more than about 2 hours of an 8-hour workday." SSR 83-10. Thus, only some sedentary work may require up to two hours of standing and walking. Indeed, "[i]f an individual can stand and walk for a total of slightly less than 2 hours per 8-hour workday, this, by itself, would not cause the occupational base to be significantly eroded." SSR 96-9p. Thus, the walking limitation found by the ALJ did not limit plaintiff to less than sedentary work.

      Here, the ALJ limited plaintiff to, inter alia, standing and walking less than two hours in an eight-hour workday. AR at 13. The ALJ determined that plaintiff, given her physical and mental limitations, was unable to perform the full range of sedentary work and retained a VE to identify the sedentary jobs plaintiff could perform. The VE testified that given plaintiff's RFC, she would be able to perform the jobs of document preparer and telephone vocation clerk and that his testimony was consistent with the DOT. *Id.* at 42-43. Both jobs were categorized as sedentary. *See* DOT 249.587-018; DOT 237.367-046. Because the ALJ's RFC determination was consistent with sedentary work, there was no apparent conflict between the VE's testimony and DOT that required the ALJ's explanation.[4]

---

    [4] Plaintiff also confusingly argues that the jobs of document preparer and telephone quotation clerk "require[] a full range of sedentary work." But each job, and not its individual duties, is designated a certain physical exertion classification (e.g., sedentary, light, etc). The jobs classified as sedentary work, taken together, constitute the full range of sedentary work. In other words, it is incorrect to state that any one job requires a full range of sedentary work. Thus, in finding that

7

B. **The ALJ Erred at Step Five With Respect to Plaintiff's Non-Exertional Limitations**

Plaintiff also complains that the ALJ erred at step five when he concluded that she could perform the jobs of document preparer and telephone quotation clerk notwithstanding her non-exertional limitations. P. Mem. at 5-9. Specifically, plaintiff argues that both jobs require a reasoning level of three, which is incompatible with her limitation to simple, routine tasks, and the ALJ failed to identify and explain the apparent conflict. *Id*. The court agrees.

As discussed above, the VE stated that his testimony was consistent with the DOT, and the ALJ relied on the VE's testimony. AR at 18, 42. The problem here is that the VE's testimony was wrong. *See, e.g.*, *Mkhitaryan v. Astrue*, No. 09-6971, 2010 WL 1752162, at *3 (C.D. Cal. Apr. 27, 2010) (ALJ improperly relied on VE's testimony that there was no conflict because VE identified a job that required constant reaching and plaintiff was precluded from reaching above the shoulder level). There was a conflict and the failure to explain the deviation was not harmless.

Each DOT job description includes general educational development ("GED") scales for reasoning, language, and mathematics, which are "aspects of education (formal and informal) which are required of the worker for satisfactory job performance." DOT, Appendix C, Section III. To determine a job's simplicity and the reasoning level required, one should look to the GED reasoning level ratings for the job listed in the DOT. *Meissl v. Barnhart*, 403 F. Supp. 2d 981, 983 (C.D. Cal. 2005). A job's reasoning level "gauges the minimal ability a worker needs to complete the job's tasks themselves." *Id.*

---

plaintiff could perform "less than the full range of sedentary work," the ALJ simply meant that plaintiff was incapable of performing all of the jobs categorized as sedentary and not that plaintiff was incapable of any sedentary work. *See* AR at 17.

A review of the reasoning level associated with the two jobs the VE identified here – document preparer and telephone quotation clerk – supports the conclusion that there is an apparent conflict in this case. The DOT classifies both jobs as reasoning level three. *See* DOT 249.587-018, 237.367-046. A level three reasoning score assumes a person can "[a]pply commonsense understanding to carry out instructions furnished in written, oral or diagrammatic form [and][d]eal with problems involving several concrete variables in or from standardized situations." *See* DOT, App. C. In contrast, plaintiff's RFC limited her to "simple, routine tasks." AR at 13.

There is a split among the circuit courts as to whether the limitation to simple tasks is compatible with a reasoning level of three. *Compare Terry v. Astrue*, 580 F.3d 471, 478 (7th Cir. 2009) (a claimant limited to "simple" work could perform a reasoning level three job); *Renfrow v. Astrue*, 496 F.3d 918, 920-21 (8th Cir. 2007) (a claimant with an inability to do "complex technical work" was not precluded from unskilled jobs with a reasoning level of three), and *Hackett v. Barnhart*, 395 F.3d 1168, 1176 (10th Cir. 2005) (limitation to simple and routine tasks is inconsistent with level-three reasoning). The Ninth Circuit has not addressed this issue, but among its district courts that have, they have consistently held that a limitation to simple, routine tasks is consistent with reasoning level two jobs but incompatible with reasoning level three jobs. *See, e.g.*; *Salas v. Astrue*, No. 10-478, 2011 WL 2620370, at \*7 (E.D. Cal. June 29, 2011); *Bagshaw v. Astrue*, No. 09-1365, 2010 WL 256544, at \*5-\*6 (C.D. Cal. Jan. 20, 2010); *Vasquez v. Astrue*, No. 08-5305, 2009 WL 3672519, at \*3 (C.D. Cal. Oct. 30. 2009) (agreeing that reasoning level three "might conflict"with a limitation to simple, routine tasks. The district courts have also consistently held that a limitation to simple, *repetitive* tasks is incompatible with reasoning level three jobs. *See, e.g., Espinoza v. Astrue*, No. 12-544, 2013 WL 327889, at \*2-\*3

(C.D. Cal. Jan. 29, 2013); *McGensy v. Astrue*, No. 09-152, 2010 WL 1875810, at *2-*4 (C.D. Cal. May 11, 2010).

Defendant correctly contends that the DOT job descriptions suggests that the jobs may involve "standardized situations," which are "'situations that are materially the same every time'" and thus repetitive. D. Mem. at 7 (quoting *Dahl v. Astrue*, No. , 2011 WL 2837660 (C.D. Cal. Jul 18, 2011)). But this misses the point. On its face, reasoning level three is inconsistent with an individual limited to simple, routine tasks. Therefore, the ALJ was required to ask the VE to explain the deviation, which he failed to do.

Here, the ALJ relied on the VE's incorrect testimony that there was no conflict between his testimony and the DOT. Because the conflict concerning plaintiff's limitation to simple, routine tasks was apparent, the ALJ was required to ask the VE to explain the deviation. The error was not harmless. Accordingly, the ALJ did not meet the Commissioner's step five burden to demonstrate that plaintiff can perform other jobs in the national economy.

## V.
## **REMAND IS APPROPRIATE**

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000) (decision whether to remand for further proceedings turns upon their likely utility). But where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find a plaintiff disabled if all the evidence were

properly evaluated, remand is appropriate.  *See Benecke*, 379 F.3d at 595-96; *Harman*, 211 F.3d at 1179-80.

Here, as set out above, remand is required because the ALJ erred at step five.  On remand, the ALJ shall recall the vocational expert and ask the VE to explain the deviation between his testimony and the DOT.  The ALJ shall then determine what work, if any, plaintiff is capable of performing.

## VI.

## CONCLUSION

IT IS THEREFORE ORDERED that Judgment shall be entered REVERSING the decision of the Commissioner denying benefits, and REMANDING the matter to the Commissioner for further administrative action consistent with this decision.

DATED: November 18, 2013

SHERI PYM
United States Magistrate Judge